NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEDFREY M. LINSANGAN, | No. 20-15195 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00011-FMTG |
| v. | |
| GOVERNMENT OF GUAM; LOURDES LEON GUERRERO, acting in her official Capacity, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted December 21, 2021**
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Sedfrey Linsangan appeals pro se from the district court's order dismissing

his lawsuit against the Government of Guam and the Attorney General of Guam on

the ground that he lacked standing. The facts are known to the parties, so we

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

repeat them only as necessary.

The "irreducible constitutional minimum of standing" requires (1) a "concrete and particularized" injury that is "actual or imminent," (2) "a causal connection between the injury and the conduct complained of," and (3) a likelihood "that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted).

Dismissal for lack of standing was proper because Linsangan did not allege an injury-in-fact traceable to the Government of Guam or the Governor of Guam. "[S]tanding must be clearly alleged in the complaint," *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), but Linsangan's alleged injuries primarily reflect "generalized grievances" about Guam's legalization of marijuana rather than a personal stake "distinguishable from the general interest of every citizen." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013). The mere "observation of conduct with which one disagrees" is not an injury sufficient to confer Article III standing. *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 485 (1982).

Linsangan fears that marijuana use will have deleterious effects on society that will reduce the rent he collects from tenants, impair the productivity of his employees, and increase theft from his store. At present, Linsangan has not supported his allegations beyond "speculation or subjective apprehension about

2

future harm," which does not amount to proof of a real and imminent injury. *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (internal quotation marks omitted). Further, the anticipated harms "rely on conjecture about the behavior of other parties" and so cannot satisfy the second element of standing, which requires that an alleged injury be directly caused by the challenged conduct. *Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1152 (9th Cir. 2000).[1]

**AFFIRMED.**

---

[1] Linsangan's allegation that the district judge had a conflict of interest and was required to recuse is wholly unsupported.